# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

v.

**ANDREW JUSTIN KING**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-00164

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about or between August 15, 2015 and March 1, 2016, in Marion County, in the Southern District of Indiana defendants did,

Count 1: Distribution and Possession of Child Pornography
Count 2: Possession of Child Pornography

in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B) & (b)(2). I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached AFFIDAVIT

Continued on the attached sheet and made a part hereof.

_____
Darin Odier, FBI – Task Force Officer

Sworn to before me, and subscribed in my presence

March 2, 2016                           at     Indianapolis, Indiana
**Date**

Tim A. Baker, U.S. Magistrate Judge                    _____
**Name and Title of Judicial Officer**                 **Signature of Judicial Officer**

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Darin Odier, hereby depose and state as follows:

1. **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross-designated Task Force officer assigned to the FBI and the Indianapolis Violent Crimes Against Children Task Force. I have over 26 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution. I have attended the Crimes Against Children Conference in Atlanta, Georgia and attended numerous classes related to investigating the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes federal, state and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit children, solicit sexual acts with children, and / or to traffic in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

2. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as information learned from other law enforcement officers and witnesses.

Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, the Affiant has not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that to believe that the person listed below has committed criminal offenses.

3. **Requested action**: I make this affidavit in support of an application for a Criminal Complaint and Arrest Warrant for **ANDREW JUSTIN KING (KING)**, a resident of Indianapolis, Indiana, for offenses committed in the Southern District of Indiana.

4. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **Andrew Justin King** has committed these offenses:

5. **Distributing and Receiving Child Pornography**: This investigation concerns alleged violations of 18 U.S.C. § 2252, which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depictions of minors using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means including by computer, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct.

   a. **COUNT ONE**: On or about or between August 15, 2015 and February 24, 2016, **Andrew Justin King (KING)** knowingly distributed visual depictions, using any means or facility of interstate or foreign commerce and in or affecting interstate

or foreign commerce, by any means including by computer, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct, as defined in Title 18, United States Code, Section 2256(2)(A) in violation of **18 U.S.C. § 2252(a)(2).**

b.  **COUNT TWO**: On or about or between August 15, 2015 and March 1, 2016, **Andrew Justin King (KING)** knowingly possessed one or more books, magazines, periodicals, films, video tapes, and other matter, which contained visual depictions that had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or shipped and transported in or affecting interstate or foreign commerce, or which were produced using materials which had been mailed, or so shipped or transported, by any means including by computer, where the producing of such visual depictions involved the use of minors under the age of 12 years engaging in sexually explicit conduct and such visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

6. **Definitions**: The following definitions apply to this Affidavit and its Attachments:

a. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

b. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

c. The term "sexually explicit conduct" means actual or simulated:

   1) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same sex or opposite sex;

   2) Masturbation;

   3) Sadistic or masochistic abuse; or

   4) Lascivious exhibition of the genitals or pubic area of any person.

d. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to

or operating in conjunction with such device.

e. The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where 1) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; 2) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or 3) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

f. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to,

tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

7.  **The Investigation:** On October 21, 2015 at 20:19:46 hours (UTC - 0400), this Affiant was using the ARES file sharing program conducting undercover investigations into the internet sharing of child pornography. At that time, a computer that was sharing child pornography was located on the Ares file-sharing network. This Affiant determined that the user of that computer system had left ARES configured so as to share files from the shared folder. The file shared was displayed to this officer in the program, along with the IP address from which the file was being shared. One file in particular which the user was sharing has a SHA-1 hash value (base32) of 4GQQEVQLWLMIZPMCWOAOESE4R2PKCCC3 and the file name is: !!!new 2007donna-new-mouth_full_of_cum.avi .

8.  This Affiant downloaded this file, !!!new 2007donna-new-mouth_full_of_cum.avi, from a single sharing client. This client's IP address was recorded, along with the time. I viewed the downloaded file and describe it

as follows: Video of prepubescent girl wearing sunglasses. She opens her mouth and shows what appears to be ejaculate in her mouth. She is then seen from behind on her knees, nude, with her anal and vaginal areas exposed.

9. The IP address assigned to the computer sharing the above-mentioned file(s) was IP 98.193.4.68 .

10. A check of publicly available records, located online by an organization known as the American Registry of Internet Numbers (ARIN), showed that the aforementioned IP address was assigned to an internet service provider (ISP). A subpoena was issued and served on the ISP for the aforementioned IP address (IP 98.193.4.68) at the time the suspected child pornography was downloaded by this Affiant. The ISP results for the subscriber assigned this IP address (IP 98.193.4.68) at the time the above-described file (!!!new 2007donna-new-mouth_full_of_cum.avi) was downloaded showed the subscriber name and service address as:

Name: Andrew King

Service Address: 8230 Lakeshore Trl. E., Apt. 233, Indianapolis, Indiana, 46250

Account Status: Active

11. Between August 12, 2015 and February 24, 2016, this Affiant downloaded over 60 videos of child pornography from the IP address in question, 98.193.4.68 .

12. On two other occasions, a subpoena was served on the ISP for the specific dates and times of downloads and the return showed the same subscriber name and service address as above.

13. **SEARCH WARRANT:** On March 1, 2016 this Affiant obtained a federal search warrant for 8230 Lakeshore Trl. E. Dr., Apt. 233, Indianapolis, Indiana 46250. This address is in the Southern District of Indiana.

14. The search warrant was then executed on March 1, 2016. KING was at home when the search warrant was executed.

15. **Interview of KING:** This Affiant advised KING of his *Miranda* rights. KING acknowledged that he understood his rights and spoke with investigators. The interview was audio and video recorded.

16. KING stated that he lives at the residence alone.

17. King stated that he had a desktop computer in his bedroom, and he frequently looks at adult pornography online. KING said that his internet service provider (ISP) is Comcast and his wireless network is password protected.

18. Towards the beginning of the interview, I received information from another investigator that the Ares file sharing program was currently running on the computer in KING's bedroom.

19. When this Affiant asked KING if he used any file sharing programs, KING abruptly said "no."

20. I asked KING if he downloaded music or movies. King stated that in college, he used Limewire, Kazaa, and other file sharing programs to download music and movies.

21. KING also acknowledged that he used Ares to download music and movies.

22. When I asked KING if he currently had any of the above named file sharing programs on his computer, he stated that he thought Ares was still on his computer.

23. When I asked KING what he used Ares for, he declined to answer and asked to speak to a lawyer, thus ending the interview.

24. **Further investigation**: This Affiant then went to KING's bedroom and looked at the computer screen. Multiple file names were visible in the Ares shared folder. This Affiant knows that the names of these files contained words that are common in files of child pornography.

25. **Forensic Preview:** An on-scene forensic preview was done on the computer recovered from KING'S bedroom. A preliminary search found multiple matching files of child pornography that this Affiant had downloaded from IP 98.193.4.68 between the dates of August 12, 2015 and February 24, 2016, which files were the basis of the probable cause for the search warrant.

26. These include the following videos described by this Affiant:

    a.    <u>((hussyfan)) mylola info anja & lea(2).avi:</u> Video of 2 minor females engaged in sexually explicit conduct, including oral-vaginal and oral-anal contact.

    b.    <u>12_17 pthc lsm yamad loli.mpg:</u> Video of 2 minor females and an adult male engaged in sexually explicit conduct, including touching and licking the vaginal and anal areas of the minor females, and the minor females rubbing the penis of the adult male.

    c.    <u>new2 pthc 2 boys and girl pee on each other and fuck each other(2).avi:</u> Video of multiple minor males engaged in sexually explicit conduct, including masturbation and rubbing/penetrating the anal area of other minor males.

27.    Over 150 videos of child pornography were found in the Ares shared folder, including the following videos described by this Affiant:

    a.  <u>(pthc) vicky - cum compilation with janesa, alina, alegre - 10m.mpg:</u> A compilation video of multiple minor females with an adult male penis against and/or in their mouths. Some of the minor females are known to this Affiant to be previously identified victims.

    b.  <u>! new ! (pthc) veronika 04 - little sister and brother bj(2).avi:</u> A video of an identified minor female with a penis in her mouth.

    c.  <u>!!!cum compilation 10 anos.avi:</u> A compilation video of prepubescent females engaged in sexually explicit conduct with

adult males. These acts include penetration of the child's vagina by a penis and rubbing a penis on the vaginal and anal area of a toddler-aged child.

28. A forensic preview of an external hard drive, an old hard drive, and other media, all of which were located in KING's apartment, showed a substantial collection of images and videos of child pornography.

29. A comprehensive forensic examination of all devices is on-going.

30. **Interstate and Foreign Commerce**: From my training and experience, I know that the Internet is a facility of interstate and foreign commerce.

31. **Conclusion**: Based upon the contents of this Affidavit, I respectfully request that the Court issue a Criminal Complaint and Arrest Warrant for **ANDREW JUSTIN KING** charging him with the offenses listed above.

_____
Det. Darin Odier
Task Force Officer


Subscribed and sworn to before me on March 2, 2016

_____
Hon. Tim A. Baker
United States Magistrate Judge